Good morning, and may it please the Court. I am Paul J. Wiener, appearing for the Plaintiff and Appellant Kenny Archila. With the Court's permission, I would like to reserve five of my fifteen minutes for rebuttal, and given the limited time for oral argument, I would like to focus on two issues, the sufficiency of the Plaintiff's Chicago letter and the question of subject matter jurisdiction. Labor Code 2699.3A1 provides that the aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of the code alleged to have been violated, including the facts and theories to support the alleged violation. Where, if you look in the correspondence, do you find facts and theories? Well, Your Honor, the demand letter of August 25th appears in the Appellant's Excerpts of Record 89-90 and I think also in some other places. And that's what you're relying on for your facts, satisfying the facts and theories? Yes, Your Honor. Okay. And? I see that there are things that are demanded here. I don't see any facts. I don't see anything that even relates to Mr. or to your client. Well, I think. It doesn't even state which store he works at. Well, calling the Court's attention to Lesser v. Trinity Protection Services, which we've cited, I think construing the notice pursuant to that standard, the notice is adequate. You know, it refers to various facts. In Paragraph 1, it identifies the aggrieved employee who is presenting the claim. I think that case cites the defendants are trying to apply a standard which just isn't supported for this sort of pre-litigation notice. As the district court said in Lessard, which is the one case I've identified on point, the defendant's reading stretches both the language and intent of the statute. The letter clearly states which specific provisions were violated. Further, so based on the one federal case I found, which I provided to the court, I think this letter is clearly sufficient, or actually probably more than sufficient. Also, looking at authority on similar points, both in this circuit under EEOC complaints and in California under DFVH complaints, as in Nazir v. United Airlines, which I've also provided to the court as supplemental authority, these pre-suit notices have to be construed with utmost liberality. And, you know, I would submit, based on that Ninth Circuit and California standard, which should also apply to a private demand letter, that this notice is more than adequate. Mr. Weiner, may I ask you a sort of an oddball question? Well, I'm an oddball sort of attorney, so go ahead. Okay, good. Maybe you could help me then. Okay, so does this issue, that is, the issue of adequacy of the notice, go to the individual claim? Well, I think the notice issue would go to any PAGA claim, which would be either individual or representative. Okay. Actually, I have two odd questions. But following up on my first one, I'm confused because I thought that the individual claim was settled out. Well, Your Honor, I think what happened here ---- Well, I mean, that should be easy to answer. The next question may be harder to answer. But, I mean, wasn't the individual claim settled, reserving the class claim, and I've forgotten precisely, jurisdiction, and something else? Well, based on the stipulation, which appears in the record at 4 to 5, what the parties did pursuant to governing federal law was to reserve the issues as to everything which the district court had dismissed and only dismissed what little remained that was viable at that point pursuant to the district judge's order. So since the district judge had dismissed, for various reasons which, frankly, aren't clear on the record, the PAGA claim in its entirety, that was not ---- none of the PAGA claim was dismissed. Excuse me. None of the PAGA claim was voluntarily dismissed. None of the PAGA claim was settled. So the settlement ---- Well ---- The settlement reserves its individual claim? Well, Your Honor, there was no settlement. There was simply a voluntary dismissal of those ---- Well, I understand that. Sure. But you respectfully reserved all claims regarding jurisdiction, class claims, and the maintainability of a class action. And PAGA claims. And PAGA claims. So the PAGA claims include individual claims? Is that right or not? Well, they include individual claims and representative and class claims. Okay, what do you mean when you say representative? I mean, I'm not being pejorative. I just don't quite understand. It could mean several things to me.  Go ahead, Your Honor. What does it mean to you? Well, representative in civil litigation, you know, there are individual claims and there are class claims. Then there's a third category of claims, which are representative, which are recognized in both the federal and California system. But I hate to say hybrid, but they have a sort of intermediate or actually different quality in that they are claims brought by one plaintiff in a representative capacity, and they are neither individual nor class claims. Actually, in this case, they are claims which are brought in a representative capacity in PAGA for the State of California, and they are distinct from. Okay, so when you use the word representative, you mean in effect as a proxy for the State of California. That's essentially it, Your Honor, in this case under ARIOS. Thank you. That's helpful. Now, I guess as a further point, I've also suggested that should this court find the issue of the sufficiency of the PAGA letter controlling and disputed, I would respectfully submit that that issue should be certified to the Supreme Court of California pursuant to Rule 8.548, as it's a novel and controlling question of state law. And the Supreme Court, as I understand it, has been very willing to entertain such certified questions from this court. And I'd suggest that could be the best way of resolving this issue if it is otherwise a difficult or contested question for the court, because clearly it is a question of California law, as to which there is no direct controlling California precedent, and it should be decided by the California Supreme Court, which has been willing to do so pursuant to this rule. Counsel, you have a second problem, which is that you didn't send a copy of the letter that you sent to the Labor and Workforce Development Agency to KFC. So one question is, are the two letters combined adequate? And the second is, did you comply with PAGA when you failed to send a copy of the LWDA letter to KFC? Well, Your Honor, under PAGA, that letter is not specifically required. It's simply a cover letter, like the cover letter that counsels sometimes send to the clerk of the court when they're filing something. It's a courtesy cover letter. Right, but you at least needed to let them know that you were filing an action with the state. And I don't think that the other letter alerted them to that. It told them that you were considering class actions, that you were concerned about all of this, but it didn't say you were filing an action with the state. So the second letter would have been useful. Plus, there's an additional question, which is, if I were KFC, I would certainly want to see that letter to see whether you had supplied the state with additional facts and theories that you didn't file in the first letter. Well, I think there are at least two responses to Your Honor's question. First, that the notice, which is construed with extreme liberality under California law, clearly references PAGA in its last number four paragraph. So the letter complies with PAGA, construing it broadly. Again, I think if this is a decisive issue for the court, again, this is a question of state law, which could probably be certified in addition to other controlling questions. However, I think reading PAGA consistently with the extreme liberality standard and reading the letter, which clearly references PAGA in number paragraph four, taking the letter as a whole, even without the cover letter, which is not required by PAGA and which ordinarily would not be copied or sent to the employer at all, this notice is sufficient. And if the court still has a question about that and finds that to be a controlling issue, I respectfully suggest that that should be submitted as certified to the California Supreme Court. I guess I'd like to speak briefly about jurisdiction while still reserving a little time for rebuttal, that I think the question of jurisdiction presents a number of overlapping issues and however this court decides it, I would respectfully submit that the court should publish an opinion to give guidance to the bench and the bar, whether my arguments are accepted, Mr. Gregora's, or perhaps a third point of view, which is not identical to either side. This is clearly an issue as to which whoever's right, there needs to be some guidance. Now, I think I'd like to speak just very briefly about the problem of the Tenth Amendment here. And this is, frankly, I guess the Tenth Amendment is one of the more, and the dual sovereignty rule are one of the, comprise one of the more obscure areas of federal constitutional law. You know, your time is up to you, but the state of California is not a party to this action. You may be a proxy for them, you may be whatever words you want to use, but they're not a party. So it just seems an incredible stretch to me, at least, that the Tenth Amendment could even arguably come into play. Well, would the court consider that we are representing a right and an interest which prior to CAGA was entirely a state right? Well, I think that may well be, but I don't, I'm looking around and I don't see a state of California here. I see the state of California everywhere, but perhaps I'm looking too broadly. All right, maybe you do want to save your remaining time. I think, well, aside from the Tenth Amendment issue, there are other issues of jurisdiction as to whether either CAFA or CAFA plus 1367 were ever intended to apply to a PAGA representative action. Okay, thank you, Mr. Wiener. You've now gone into a deficit position. Thank you. Thank you, Your Honor. Mr. Gregoria. May it please the Court, my name is Peter Gregoria and I'm here representing FWKFC U.S. Properties. Friday afternoon I was minding my own business and I received a supplemental filing from Appellants in this case. And it has generally been my experience that supplemental filings on a Friday afternoon prior to a Monday morning hearing generally indicate a certain weakness in the party's argument. And this is no exception. The supplemental brief cites a number of cases and Mr. Wiener emphasized a couple of these cases I'd like to talk about in arguing that the notice, which is an issue this Court raised in its separate notice to the parties, is adequate because it should be construed with extreme liberality. And for that he cited two EEOC cases, civil rights cases, one state, one federal. But I've read those cases and they're absolutely correct for EEOC. But the reasons given in the cases for construing the notice with extreme liberality in each case was that that was because the notice was prepared by the employee, not by a lawyer. In BKB, which is the case from this Court that Mr. Wiener cited, the Court said, we construed the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading. In the Nasir case, the Court said exactly the same thing and I quote, administrative charges are to be construed liberally because they are often drafted by claimants without the assistance of counsel. Now that stands in stark contrast to the notice under 2699.3, which clearly is intended to be drafted by an attorney and in fact always is. How do we know it's intended to be drafted by an attorney? Because the statutory requirement is that you have to cite the specific statutes violated as well as the facts and theories supporting the contention, something that you would require a lawyer to do. Also, of course, because unlike EEOC charges, which are preliminary to investigation and are not necessarily preliminary to litigation, because the first thing that happens after you file an EEOC charge is a conciliation and mediation process, this is a pure prelude to a lawsuit and that's what it's intended to be. So the whole purpose of the liberal construction rule with respect to EEOC cases doesn't apply here because this is specifically intended to be filed by lawyers. Also, of course, there's another reason why you have to construe this carefully and that is because unlike the case in the EEOC situation, there is a real tension between the person filing the notice and the agency. Remember the EEOC case, the employee wants the EEOC to investigate. In the PAGA case, the lawyer filing the notice does not want the agency to investigate. From the lawyer's point of view, the PAGA lawsuit is a potentially profitable piece of business. However, if the agency investigates, the lawsuit can't be filed. If the agency commences an investigation, that prevents the lawsuit until the investigation is over. If the agency files an action, the lawsuit can't be brought at all. So if the agency investigates, it takes the lawsuit away from the lawyer filing the notice. So there's a very strong motivation to file a generic notice that will not give the agency sufficient information to commence an investigation. And that's clearly the case in 2699 and it's not at all the case with respect to EEOC. Now, there aren't any published California appellate decisions that discuss the requirements of the statute and specifically the requirement that specific provisions of the code allegedly will be violated, including the facts and theories that support the alleged violation. I did find one unpublished California appellate decision, which unfortunately, under the California rules of court, cannot be cited as authoritative. I will mention it to this court solely for the purpose that the court might want to consider it for the cogency of its reasoning, recognizing the fact that it has no precedential value. And that is a case called Prairie versus U.S. Mortgage Capital, Inc., 2008 Cal App unpublished lexis, 6525 decided in 2008, written by Justice Nora Minella. And Justice Minella states that there's an additional reason why the facts and theories in support of the alleged violation should be strictly enforced. And that is because, and I'm quoting here, the legislature intended strict compliance with the statute's detailed and specific provisions because 2699.3 was enacted as an emergency measure in 2004 to prevent shakedown lawsuits. The phrase shakedown lawsuits is in quotes because that was in fact in the legislative council's digest. So it was enacted specifically to prevent particular types of lawsuits, and it should be construed strictly for that reason. Now, remember that the whole purpose of this structure is to give the agency first crack at the investigation. Unfortunately, what has happened is that the attorneys representing the plaintiffs recognize that the stronger the argument, the better the case they have, the more they don't want the agency to investigate. Now, that has led them to create these generic forms of notice that provide no facts at all, but which give you a laundry list of statutes. And this is a perfect example, the notice that was provided in this case. Now, I've seen this notice before. I've seen this notice before with the name of the employee changed, the name of the employer changed, and the location of employment changed. It's the same notice. Okay? And you could take this same notice and apply it to almost everything. Let's take an example. Now, fast food restaurants probably aren't the best example, but let's take the example of a real sweatshop. Let's assume that we've got somebody in Pacoima running a manufacturing operation, employing 200 undocumented immigrants off the books for $2.50 an hour, 10 hours a day, 7 days a week. No lunch breaks, no rest breaks, no overtime. Okay? Now, the agency would want to shut those people down. Somebody comes to an attorney and says, well, I'd like to bring a civil action. What would the attorney say? I'll tell you what the attorney would say. The attorney would say, this form. Take a look at the form. There it is. Minimum wage, no lunch breaks, no rest breaks, no overtime. It's the same form. You could use exactly the same form for a fast food restaurant, and you could use exactly the same form for the worst sweatshop you could imagine. And if that's the case, then there's something wrong with the form, because that doesn't make any sense at all. So the form has to contain more information than this. Now, I'm not suggesting that it has to have every single piece of evidence you would have to trial, but at a minimum, it has to give the agency a handle, something that it can start looking. Now, let's take a look at the ---- Does it matter to you that you also know about it? I'm sorry? Does it matter to your client that your client also know about the charges that are being made? I'm sorry. I don't understand. Okay, never mind. My question is bad. I'm sorry. But the ---- I guess the point I'm making is assume it went to the agency. Okay? And, yeah, my client would certainly want to know if there are charges being made to the agency. But assume it went to the agency. Now, what would the agency want to know in order to start an investigation? I take it, from your point of view, this whole case turns on the adequacy of the notice. Is that right? No. But, frankly, I think the briefs are adequate with respect to everything else. I don't think it turns on the adequacy of the notice at all. I don't even think you've reached the issue of the adequacy of the notice, because I think the whole notice was properly excluded under Rule 37. But that appeared to be what the court was interested in. And as far as I'm concerned, the briefs were adequate on that. But all issues are open. And I'm happy to discuss anything else the court wants to discuss. Do you have anything else? No. Anything else? Okay, I don't think we have anything else. Thank you, Your Honor. And, Mr. Winger, you're out of time. If you have one thing to say, we'll listen. If you have one thing to say, we'll be happy to listen. All right. I think if I can say one thing, I think if this issue is determinative, the court should certify this to the Supreme Court and get a real answer. We got that message from you. And not look at some authority which counsel admits is barred from being used as any authority in California law. Can I say a second thing, or is one thing enough? If I can say a second thing, the principle of liberality, at least since the federal rules, applies to documents and complaints drafted by attorneys and not just to those drafted by unrepresented parties. And there's no, I think what Mr. Gregora said about motivation of counsel is wildly speculative and not based on any more evidence. Thank you, Your Honor. Okay, thank you, counsel. The matter just argued will be submitted. Keep going. Okay, then we'll next hear argument in Colony Court versus the City of Carson.
judges: Alarcon, Rymer, Bybee